Filed 4/26/22  P. v. Logan CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DARRELL LOGAN, Defendant and Appellant. | F081756 (Super. Ct. No. C10084-002) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Michael A. Canzoneri, and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Poochigian, J. and DeSantos, J.

## INTRODUCTION

In 1991, a jury convicted petitioner Darrell Logan of two counts of first degree murder (Pen. Code,[1] § 187, subd. (a)). The trial court sentenced him to two consecutive terms of 25 years to life.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition on the ground petitioner was a principal in the offense and acted with at least implied malice.

On appeal, the People concede the trial court engaged in premature factfinding and instead should have issued an order to show cause and conducted an evidentiary hearing to resolve petitioner's eligibility for resentencing. We accept the People's concession and will reverse and remand. In light of this disposition, petitioner's additional argument, that he had a constitutional right to be transported for personal appearances prior to the issuance of an order to show cause, is moot.

## FACTUAL AND PROCEDURAL HISTORY

We briefly summarize the facts as stated in our opinion in petitioner's direct appeal.[2] On the morning of April 14, 1990, the bodies of Moises Diaz and Ricardo Soto were found inside a burning car on the side of the road in rural Stratford. A medical examiner determined their deaths were caused by the effects of the fire, with blunt force trauma as one of the contributing conditions. Eventually, Thomas Miller voluntarily reported to law enforcement his involvement in the crime. Miller testified that, on April 13, 1990, he was driving with petitioner and Harold Harp when they saw a car on the side of the road. They twice circled back to the car before stopping and getting out. According to Miller, the driver of the car awoke and got out of the car, and petitioner

---

[1] Undesignated statutory references are to the Penal Code.

[2] We recite these facts because they were recited by both parties in their briefing, and to provide context for the court's ruling. However, we do not rely on this factual summary in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

2.

struck him over the top of the head with a bumper jack. Harp attacked the car's passenger, then petitioner hit the passenger with a lug wrench and Harp hit the passenger with the bumper jack. The driver and passenger were placed back into the vehicle and someone other than Miller set the vehicle on fire. Petitioner testified on his own behalf and claimed the group stopped to offer the vehicle assistance. However, the driver shoved petitioner and continued to come at him, at which point petitioner hit him with the bumper jack. According to petitioner, the passenger lunged at Harp, who used the bumper jack to hit the passenger. The group put the victims back in the car, thinking they were dead. Miller threw a burning blanket into the car. (*People v. Logan* (July 6, 1993, F016455) [nonpub. opn.] (*Logan*).)

On February 21, 1991, the Kings County District Attorney filed an information charging petitioner with the murders of Soto (§ 187, subd. (a); count I) and Diaz (§ 187, subd. (a); count II). As to each count, it was alleged the offenses were committed during the commission of robbery and arson (§ 190.2, subd. (a)(17)), and that petitioner committed multiple murders (§ 190.2, subd. (a)(3)).[3] The arson special circumstance was dismissed prior to trial pursuant to section 995. (*Logan*, *supra*, F016455.)

On July 12, 1991, a jury found petitioner guilty of both murders. The remaining special circumstance allegations were found not true. On August 9, 1991, the trial court sentenced petitioner to two consecutive terms of 25 years to life. On July 6, 1993, this court affirmed. (*Logan*, *supra*, F016455.)

On February 8, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. Petitioner stated that an information was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first degree murder at trial pursuant to the felony-murder rule; and he could

---

[3] Harp was charged in the same information with the same offenses and special circumstances, but the prosecutions were later severed upon petitioner's motion. (*Logan*, *supra*, F016455.)

3.

not now be convicted of first degree murder because of changes made to sections 188 and 189, effective January 1, 2019.  He further alleged the jury's not true findings on the special circumstances constituted a prior determination that he was not a major participant and/or did not act with reckless indifference to human life during the crimes. He also requested counsel be appointed to represent him on the petition.

On May 2, 2019, the People filed an opposition to the petition, arguing petitioner was ineligible for resentencing because he was not convicted under the felony-murder rule or the natural and probable consequences doctrine, and instead was either the actual killer or a direct aider and abettor in the murders.  The People also argued Senate Bill No. 1437 (2017-2018 Reg. Sess.) is unconstitutional.

Eventually, counsel was appointed to represent petitioner.

On May 4, 2020, petitioner filed a response to the People's opposition, arguing the jury's not true findings on the special circumstances established his resentencing eligibility.  Petitioner further argued Senate Bill No. 1437 (2017-2018 Reg. Sess.) is constitutional.

On August 24, 2020, the trial court denied the petition by written order.  The trial court explained:

> "[T]here is no indication that Petitioner could not have been convicted of the first degree murder of both victims under the law as it reads after the enactment of Senate Bill [No.] 1437.  (Pen. Code § 1170.95[, subd. ](a)(3).) Further, Petitioner's argument that he did not act with reckless indifference to human life, and that his actions did not make him a major participant, are entirely without merit.  Petitioner savagely beat two intoxicated victims with a bumper jack, which included bringing the bumper jack down directly onto one victim's skull, inflicting a mortal wound and then subsequently helping his co-defendant attack the second victim.  After both victims were unconscious, Petitioner placed newspaper inside the victim's vehicle and attempted to light it on fire with his matches.  When that was unsuccessful, his codefendant used a blanket from Petitioner's car to light the victim's vehicle on fire, burning both victims, which was later determined to be the immediate cause of death.  Afterwards, they disposed of any evidence connecting them to the murder and the Petitioner even teased the

codefendant for not being able to knock down his victim with one blow like he had done.

"Based on the foregoing, this court finds that Petitioner was a principal in these murders, committing both with implied malice, in that he either intended to kill his victims, or he was acting with an abandoned and malignant heart as detailed in Penal Code § 188. His acts of violence caused or directly contributed to the victims' death."

This timely appeal followed.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless

5.

indifference to human life, as described in subdivision (d) of Section 190.2."[4] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]
>
> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

---

[4] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b)

of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Petitioner is Entitled to an Order to Show Cause

As the People concede, the trial court engaged in improper factfinding at the prima facie review.

The trial court may not engage in factfinding involving the weighing of the evidence at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Thus, while the trial court may consider the record of conviction, including a prior appellate opinion, in determining whether a petitioner has stated a prima facie case, the court may not make factual findings based on that record. (*Ibid.*)

Here, the trial court recited specific facts from petitioner's trial and concluded, based thereon, that petitioner was a principal in the offense who acted with at least implied malice. As the People concede, however, there were no jury findings on these points. Moreover, petitioner's jury was instructed on both the natural and probable consequences doctrine and felony murder. Accordingly, the trial court necessarily engaged in factfinding based on the record of conviction to determine petitioner acted with actual malice. In so doing, the court erred.

We may affirm only if petitioner was not prejudiced by this error. As the People again concede, the record does not establish petitioner's resentencing ineligibility, as a matter of law, on any other basis. Accordingly, we cannot conclude the trial court's improper factfinding was harmless.

In sum, petitioner adequately alleged a prima facie claim for resentencing and the record does not rebut his allegations as a matter of law. The trial court was required to issue an order to show cause (§ 1170.95, subd. (c)), and to conduct such further proceedings as required under section 1170.95, subdivision (d). In failing to do so, the court erred. Accordingly, we must reverse and remand for further proceedings. We express no opinion on the merits of the petition.

We do not address petitioner's claim that he had a constitutional right to be transported for personal appearances prior to the issuance of an order to show cause. This claim is moot in light of our disposition.

## DISPOSITION

The August 24, 2020 order denying petitioner's section 1170.95 petition for resentencing is reversed. On remand, the trial court is directed to issue an order to show cause and to conduct further proceedings as required under section 1170.95, subdivision (d), in light of the principles set forth herein.